IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELMER C. RODRIGUEZ CARABALLO

   Petitioner

     v.                      **CIVIL NO. 04-2192 (JAF)**

UNITED STATES OF AMERICA

   Respondent

## **REPORT AND RECOMMENDATION**

Before the Court is petitioner's Section 2255 Motion (Docket No. 1). In the same, he contends that trial counsel was ineffective by failing to properly investigate his criminal history. This resulted in an additional fourteen (14) months being added to his sentence, which was the result of a plea agreement. This resulting prejudice, petitioner claims, entitles him to a new sentence, which does not take into account the extra period of incarceration, or, alternatively, to his plea being vacated.

In order to sustain a claim of ineffective assistance of counsel, petitioner must show prejudice, as well as demonstrate that counsel's performance fell below an objective standard of reasonable effectiveness. Strickland v. Washington, 466 U.S. 668, 688-689 (1984). An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Id. at 691-692.

In the underlying criminal case (98-0267 (JAF)), the transcript of the change of plea hearing reveals that Judge Fusté informed petitioner that if his criminal history was II, his guideline range would be 121 - 151 months. (Tr. at page 13 lines 2-5 (Docket No. 191)). Petitioner's counsel, however, stated that there was a possibility that his criminal history category be higher, as would his sentencing range. Id. at page 13 lines 9-16; page 15 lines 8-10. Judge Fusté then noted for the record that there was no stipulation as to petitioner's criminal history, despite any tentative agreement by the parties; the matter had to be investigated by the probation officer. Id. at 17 lines 11-18.

**CIVIL NO. 04-2192 (JAF)**                         2

The above plea colloquy belies petitioner's allegations that counsel failed to correctly advise him about his criminal history. To the contrary, petitioner was well aware that the same was contingent on the final outcome of the probation investigation. Thus, his claim of ineffective assistance fails.[1]

Further, the Court notes that counsel's performance did not fall below an objective standard of reasonableness. Here, petitioner pled guilty to a plea agreement, which as recognized by Judge Fusté, greatly limited his penal exposure. See change of plea transcript at 20 lines 24-25, 21 lines 1-5. More so, aside from his present argument, petitioner does not contend that the change of plea process itself was constitutionally flawed in any way, in violation of Fed. R. Crim. P. 11.

Lastly, the Court notes that at the change of plea hearing, petitioner was well advised by Judge Fusté that assuming his criminal history were II, the guideline range would be 121-151 months. See Tr. at 17 lines 7-18. Here, the sentence imposed under a higher criminal history category (135 months) nonetheless falls within the guideline range he expected would apply. In addition, at the change of plea hearing, Judge Fusté explained that petitioner's guideline range would be determined at the time of sentencing, and that the Court retained discretion to sentence petitioner above the guideline range. See Id. Tr. at 10 lines 7-16, 18-22.

Accordingly, petitioner's 2255 motion (Dkt. No. 1) must be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

---

[1] See, e.g., United States v. Reyes, 208 F. 3d 228 (table), 2000 WL 289618 * 4 (10th Cir. 2000) (rejecting similar claim and noting that, regardless of counsel's advice or lack thereof, petitioner was well aware that his criminal history would affect his sentence).

**CIVIL NO. 04-2192 (JAF)**                                3

    **SO RECOMMENDED.**

In San Juan, Puerto Rico, this 30th day of April, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge